**GLOBAL NETWORK COMMU-NICATIONS, INC.,** Plaintiff–Appellant,

v.

**CITY OF NEW YORK** and City of New York Department of Information Technology and Telecommunications, Defendants–Appellees.

No. 08–0802–cv.

United States Court of Appeals, Second Circuit.

April 8, 2009.

Joseph P. Garland, Lifshutz & Lifshutz, P.C., New York, NY, for Plaintiff–Appellant.

Bruce Regal, Assistant Corporation Counsel (John Hogrogian, Pamela Seider Dolgow, and Diana M. Murray, Assistant Corporation Counsels, on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

Present: Hon. JOSEPH McLAUGHLIN, Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Global Network Communications, Inc. ("Global") appeals from an order of the United States District Court for the Southern District of New York (Sand, *J.*), denying Global's motion for a preliminary injunction barring the City of New York from removing Global's public pay telephone equipment from sites on New York City property following the City's denial of Global's application for a franchise to operate such telephones on City property. Global's claim for an injunction is premised on its contention that the City acted illegally under the federal Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 253, and in violation of various of Global's constitutional rights in denying its application for a franchise.

Global's contentions that the City acted illegally in denying its application were raised in another action in the district court for the Southern District of New York. In that case, the district court (Stanton, *J.*) granted the City's motion for summary judgment, dismissing Global's claim.

Global appealed both rulings and the appeals were heard before this panel in tandem. In the companion appeal under docket number 07–5184–cv, we have affirmed Judge Stanton's grant of summary judgment in favor of the City. Accordingly, Global's appeal from Judge Sand's denial of a preliminary injunction is moot. *See Dennin v. Conn. Interscholastic Athletic Conference*, 94 F.3d 96, 100 (2d Cir.1996) ("An appeal becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).

In any event, one seeking a preliminary injunction that will affect government action taken in the public interest pursuant to a regulatory scheme must not only show irreparable harm but must also meet the more rigorous likelihood-of-success standard, requiring the moving party to establish a clear or substantial likelihood of success on the merits. *County of Nassau v. Leavitt*, 524 F.3d 408, 414 (2d Cir.2008). Global does not satisfy the standard.

For the foregoing reasons, Global's appeal from the order of the district court is hereby **DISMISSED**.